JOHN HENRY JACKSON v. STATE

No. 28,827. February 20, 1957.

*Charles E. Tobin,* Dallas, for appellant.

Henry *Wade,* District Attorney, *George P. Blackburn, Joe M. Joiner* and *Harold G. Clark,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for aiding in equipping a place where people resort for the purpose of gaming; the punishment, 60 days in jail.

The offense is defined in Art. 629 P.C. We are aware of no prior appeal to this court from a conviction under said article.

The facts relied upon by the state show that appellant operated the Wagon Wheel Cafe; that prior to the occasion of the officers' visit on April 6, 1956, there had been gambling with dice in one of the rooms of the cafe building, and on the wall near the front door of the cafe, concealed by a beer sign hanging over it, was a "raise-up button" that operated a light over a dice table in the gaming room.

On or about March 23, 1956, Captain Lundy of the Dallas Police talked to appellant about the dice game and told him to remove the switch, and he said he would.

On April 6, 1956, officers visited the premises and found nothing going on in the room of the cafe building which had been previously used for shooting dice. To the rear of the cafe building they saw a light in a little house. Three or four men were standing around a plywood table in this house talking about gambling but no game was then in progress.

About midnight the officers paid another visit to the house and arrested three men whom they saw gambling with dice on the plywood table.

Shortly after the officers entered this building the light above the table flickered. The officers investigated and traced the wire from the light to appellant's cafe building and through the building to a bench at the front corner of the cafe. Under the bench the officers discovered a "raise-up switch" which proved to be a switch whereby the one light in the house where the dice game was found could be turned on or off.

It was for the furnishing of the lighting and alarm system for the game room in the building in back of the cafe, and the electricity for its operation, that appellant stands convicted of unlawfully aiding in equipping a place where people resort for the purpose of gaming.

Appellant was arrested at the cafe after the wire had been traced. He testified and denied that there was such wiring and equipment or that he had ever had such a warning system in or about his cafe. He also denied any knowledge of gambling in the cafe building or the building to the rear. The jury resolved these issues against appellant.

It is appellant's contention that the statute does not prohibit the acts shown by the officers' testimony, but applies alone to those who furnish or equip a gambling house with implements and paraphernalia necessary to carry on the game (such as dice, roulette wheel, cards, dice table, poker table and the like) and who have an interest in the success of the gaming being carried on.

We overrule this contention and hold that the statute also applies to one who aids in equipping a place where people resort for the purpose of gaming with a means whereby those engaged in gambling, or in operating or exhibiting the game, may be warned of the approach of officers, such as a blinking light to be operated by a look-out.

The evidence is sufficient to sustain the jury's verdict and we find no reversible error.

The judgment is affirmed.